## Sophia Peltier *et al.*

*v.*

## Mary Mict, who sued by her next friend, etc.

1. Pleading and evidence. Where in an action on the case for slander, the declaration alleged that the plaintiff, about whom the defamatory words had been spoken, was a single and unmarried woman—evidence of the fact that the plaintiff's name was Mary Mict, and that she was the daughter of John Mict, and was only thirteen years old, were facts proved sufficient to warrant the jury in finding that she was an unmarried woman, and that there was not a substantial variance between the pleading and the evidence in that respect.

2. Evidence—*of pecuniary condition of plaintiff in actions for slander, admissible.* In actions on the case for slander, defamatory of the character of the plaintiff, it is always permitted to prove the plaintiff's condition in life, as bearing on the question of damages.

Appeal from the Circuit Court of Marion county; the Hon. Silas L. Bryan, Judge, presiding.

The opinion states the case.

Messrs. Smith & Jones, for the appellants.

Messrs. Casey & Dwight and Mr. T. S. Casey, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action brought by Mary Mict against Sophia Peltier and John Peltier, her husband, for slander by the said Sophia, in charging the plaintiff with fornication. The speaking of the words was proven, and the jury found a verdict for the plaintiff, upon which the court rendered judgment. The defendants bring the record to this court, and allege as a ground for reversal, that the plaintiff did not show she was an unmarried woman. It is true, this was not formally proven, but no

question was made in regard to it upon the trial, and facts were proven from which the jury had the right to infer it. The plaintiff was constantly called Mary Mict by the witnesses, and she was spoken of as the daughter of John Mict, and as being only thirteen years old.

We can not reverse the judgment on the ground that the verdict was unsupported by the evidence, merely because the jury, from these circumstances, found that the plaintiff was unmarried, and that the offensive words proven to have been spoken, were a charge of fornication, as averred in the declaration.

It is objected that the court erred in admitting evidence of the occupation and pecuniary condition of the plaintiff and her father. But in actions of this sort, the plaintiff is always permitted to prove his condition in life, as bearing on the question of damages. 1 Hilliard on Torts, 446.

The judgment must be affirmed.

*Judgment affirmed.*